JAMES PATE, ADMINISTRATOR, v. TAR HEEL STEAMBOAT COMPANY.

(Filed 28 October, 1908.)

1. **Carriers of Passengers—Negligence—Declarations, Corroborative.**
   When, in an action for damages claimed by reason of the negligence of defendant's employees while attempting to rescue a passenger on its steamboat who had fallen overboard as the boat was making her regular trip, the defendant proved by the one who was sent out for the purpose of rescue the good condition of the bateau being thus used, it was not error to admit, on behalf of plaintiffs, solely as impeaching evidence, subsequent declarations of this witness tending to show that the bateau was in a leaking condition and that another man would have been helpful in bailing it.

2. **Carriers of Passengers — Steamboats — Passenger Overboard — Rescue—Negligence—Evidence—Questions for Jury.**
   After discovering the peril of a passenger who had fallen overboard into the water from defendant's steamboat while on her trip, it was the duty of the master and crew to make every reasonable endeavor, consistent with the safety of the ship and the other passengers, to rescue him; and evidence of negligence in the performance of this duty is sufficient to be passed on by the jury which tends to show unnecessary confusion and delay, that the bateau used was leaky and unfit and not properly manned, that there were no lights, and that with reasonable alacrity and proper help the boat might have reached the spot where the passenger sank in time to have saved him.

ACTION tried before *Long, J.,* and a jury, at April Term, 1908, of CUMBERLAND, to recover damages for the death of Hector Lloyd Pate, alleged to have been brought about by the negligence of the defendant.

The following issues were submitted:

1. "Was the death of the plaintiff's intestate caused by the negligence of the defendant, as alleged?" Answer: "Yes."

2. "Did the plaintiff's intestate, by his own negligence, contribute to his death?" Answer: "Yes."

3. "Notwithstanding such negligence on the part of said intestate, could the defendant, by the exercise of reasonable care and prudence, have prevented his death?" Answer: "Yes."

4. "What damages, if any, is plaintiff entitled to recover?" Answer: "One thousand dollars."

From the judgment rendered the defendant appealed.

*Q. K. Nimocks, Sinclair & Dye* and *Cook & Davis* for plaintiff.

*Rose & Rose* and *Robinson & Shaw* for defendant.

BROWN, J. It is unnecessary to consider any exceptions arising upon the trial bearing exclusively upon the first and second issues.

In consequence of the findings of the jury upon these issues, the plaintiff cannot recover, except upon the ground that, after discovering the peril of the plaintiff's intestate, the master and servants of defendant failed to make all reasonable efforts to rescue him.

The intestate was a passenger on defendant's steamer, "Tar Heel," from Wilmington to Fayetteville. When about eight miles up the river from Wilmington, at about 8 o'clock at night, when about to descend the stairway of said steamer, which was narrow and dark, with a sharp turn near the bottom and with a loose step which landed at the edge of the boat and within eighteen or twenty inches of the water's edge, the intestate accidentally fell overboard and was drowned.

That it was the duty of the master and crew to make every reasonable endeavor consistent with the safety of ship and passengers to rescue their passenger after discovering his

situation is properly admitted. But it is contended upon the entire evidence that there is nothing to show any dereliction of duty in this respect, and the court was requested so to charge.

His Honor thought otherwise, and submitted the question for the determination of the jury under the third issue.

1. We think the exception to the question asked Andrew Jackson upon cross-examination cannot be sustained.

The defendant had proven by Jackson the condition of the bateau sent from the steamer to the rescue of the intestate. Upon cross-examination the plaintiff was permitted to ask this question: Q. "Andrew Jackson, I want to ask you if, shortly after the drowning of Lloyd Pate, down at the river wharf at Fayetteville, you did not state to Mr. Frank Glover that you could have saved Lloyd Pate's life the night he was drowned if you had had another man in the boat with you to bail the water out of the boat." (Objection by defendant; overruled, and defendant excepts, the Court making its ruling, understanding that it is offered for the purpose of contradicting the witness and impeaching him.) A. "I do not remember whether I told him that way or not. I remember Mr. Glover asked me if the boat leaked any, and was there any water in it when I got back. I told him there was some water in it when I got back."

Of course, the declarations of the boat hand, made after the occurrence, are incompetent for the purpose of proving the dangerous condition of the bateau. *Southerland v. Railroad,* 106 N. C., 100. But, having been examined by the defendant as its witness as to the condition of the bateau, it was competent to impeach or contradict his evidence upon that point by his declarations on that subject to Glover. To lay the foundation for offering such impeaching evidence, it was proper to ask the witness on cross-examination the question objected to.

His Honor properly confined the scope and effect of the question to "impeaching evidence."

2. The evidence upon the question of a dereliction of duty in attempting to rescue the intestate is not very satisfactory, but upon a careful examination of the record we think his Honor properly submitted the matter to the jury under the third issue.

There is some evidence tending to prove unnecessary delay and confusion in the efforts to save the passenger after his peril was known, that the bateau was very leaky and unfit, that it was not properly manned, that there were no lights, and that with reasonable alacrity the boatman, with proper help, might have reached the spot where the passenger sank in time to have saved him.

The testimony offered for defendant tends to prove that every reasonable effort was made that could have been made, and that the bateau was well manned and in good condition.

This question is one eminently proper to be decided by a jury, under the circumstances of this case. His Honor's charge properly placed the burden of proof upon this issue upon the plaintiff, and clearly and fully submitted the question for their decision. Upon a review of the record we find

No Error.